ORDERED.

Dated: April 6, 2013



*Eileen W. Hollowell*
**Eileen W. Hollowell, Bankruptcy Judge**
_____

Daniel J. Rylander, P.C.
Attorneys At Law
2701 E. Speedway Blvd., Suite 203
Tucson, Arizona 85718
Office (520) 299-4922-Fax (520)299-1482

Daniel J. Rylander
PAN #64969 - Ariz. Bar #15279
Attorney for Debtors.

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>BRAD FREDERICK KOCH<br>SSN: xxx-xx-9484<br><br>MICHELLE RENE JESSEE<br>SSN: xxx-xx-6052<br><br>Debtors.<br>_____<br><br>BRAD FREDERICK KOCH and<br>MICHELLE RENE JESSEE,<br><br>Plaintiffs,<br><br>vs.<br><br>VANTAGE WEST CREDIT UNION,<br>ITS SUCCESSORS AND ASSIGNS,<br>Defendant/Creditor.<br>_____ | In Proceedings Under Chapter 13<br><br>No.: 4:12-bk-12221-EWH<br>ADV: 4:13-ap-00087-EWH<br><br>**ORDER AVOIDING LIEN**<br>**ON REAL PROPERTY** |

On January 25, 2013, Debtors filed a complaint to value the lien of VANTAGE WEST CREDIT UNION, ITS SUCCESSORS AND ASSIGNS (hereinafter "Lienholder") against the property commonly known as at 12410 N. FOREST LAKE WAY, ORO VALLEY, ARIZONA 85755 and more fully described in Exhibit "A" hereto, which lien was recorded in Pima County on or about August 17, 2006 at docket 12870, page 2546 (hereinafter the "Lien"). This Lien is in second position and has an approximate amount of $43,462.69. The first lien is held by Homeward Residential, Inc. in the approximate amount of $352,744.62. The property is worth approximately $320,000.00. Therefore, there is no secured value in the amount of the Lien.

The Court finds that notice of the Complaint upon Lienholder was proper. Lienholder having

failed to file timely opposition to Debtors' Complaint, the Court hereby orders as follows:

(1) For purposes of Debtors' Chapter 13 plan only, the Lien is valued at zero. Lienholder does not have a secured claim and the Lien may not be enforced, pursuant to 11 U.S.C. §§ 506, 1322(b)(2) and 1327.

(2) This order shall become part of Debtors' confirmed Chapter 13 Plan.

(3) Upon entry of a discharge in Debtors' Chapter 13 case or completion of all payments due under the Debtors' Chapter 13 Plan, the Lien shall be voided for all purposes and, upon application by Debtors, the Court will enter an appropriate form of judgment voiding the Lien.

(4) If Debtors' Chapter 13 case is dismissed or converted to Chapter 7 before Debtor obtains a discharge, this order shall cease to be effective and the Lien shall be retained to the extent recognized by applicable non-bankruptcy law and, upon application by Lienholder, the Court will enter an appropriate form of order restoring the Lien.

(5) Except as provided by separate, subsequent order of this Court, the Lien may not be enforced so long as this order remains in effect.

**DATED, SIGNED AS ORDERED ABOVE.**

# EXHIBIT A
# LEGAL DESCRIPTION

RANCHO VISTOSO NEIGHBORHOOD 7 UNIT 1 LOT 0249